UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YOSHIKO YOSHIMURA,<br><br>            Plaintiff,<br>v.<br><br>VERIZON WIRELESS,<br><br>NORTH SHORE AGENCY,<br><br>I.C. SYSTEM, INC,<br><br>AND<br><br>CHASE RECEIVABLES<br><br>            Defendants. | Civil Action File No:<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Yoshiko Yoshimura, by and through counsel, brings this action against Defendant VERIZON WIRELESS ("Verizon"), Defendant NORTH SHORE AGENCY ("NSA"), Defendant I.C. SYSTEM, INC ("I.C. System"), and Defendant CHASE RECEIVABLES ("Chase"), on the grounds set forth herein.

### I. INTRODUCTION

1.  This is an action for actual and statutory damages, and attorney's fees and costs brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692 *et seq.* against Defendant NSA, Defendant I.C. System, and Defendant Chase; and for treble damages, exemplary damages, attorney's fees and costs pursuant Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq.* against Defendant Verizon, Defendant NSA, Defendant I.C. System, and Defendant Chase.

## II. PARTIES

### Plaintiff

2. Plaintiff is a "consumer" as that term is defined by the FDCPA.

### Defendant Verizon

3. Defendant Verizon is a Delaware corporation.

4. Defendant Verizon's address is PO Box 26055 Minneapolis, MN 55426.

5. Defendant Verizon may be served with legal process at the aforesaid address.

6. Defendant Verizon is in the business of providing wireless cellphone services throughout the United States including Georgia.

7. Defendant Verizon charges monthly fee for the service.

8. Defendant Verizon maintains a place of business in Georgia.

### Defendant NSA

9. Defendant NSA is an Ohio company.

10. Defendant NSA's address is 9525 Sweet Valley Drive, Building A, Valley View, OH 44125.

11. Defendant NSA may be served with legal process at the aforesaid address.

12. Defendant NSA is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

13. Defendant NSA used the mails and telephone system in connection with the prosecution of Plaintiff's alleged debt.

14. Defendant NSA is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

15. Defendant NSA does not maintain a place of business in Georgia.

16. Defendant NSA does not keep assets in Georgia.

### Defendant I.C. System

17. Defendant I.C. System is a Minnesota company.

18. Defendant I.C. System's address is 444 Hwy 96 East, St Paul, MN 55127.

19. Defendant I.C. System may be served with legal process at the aforesaid address.

20. Defendant I.C. System is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

21. Defendant I.C. System used the mails and telephone system in connection with the prosecution of Plaintiff's alleged debt.

22. Defendant I.C. System is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

23. Defendant I.C. System does not maintain a place of business in Georgia.

24. Defendant I.C. System does not keep assets in Georgia.

### Defendant Chase

25. Defendant Chase is a California company.

26. Defendant Chase's address is 1247 Broadway, Sonoma, CA 95476.

27. Defendant Chase may be served with legal process at the aforesaid address.

28. Defendant Chase is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

29. Defendant Chase used the mails and telephone system in connection with the prosecution of Plaintiff's alleged debt.

30. Defendant Chase is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

31. Defendant Chase does not maintain a place of business in Georgia.

32. Defendant Chase does not keep assets in Georgia.

### III. JURISDICTION

33. This Court has proper subject matter jurisdiction because this action arises, in part, under 15 USC § 1692, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

34. Verizon is a Delaware corporation doing business in the Northern District of Georgia and, as such, is subject to personal jurisdiction and venue in this Court under 28 USC § 1391.

35. NSA is an Ohio company doing business in the Northern District of Georgia.

36. A substantial part of the events or omissions giving rise to the claim against NSA occurred in the Northern District of Georgia because NSA sent a collection letter for the alleged debt to Plaintiff in the Northern District of Georgia.

37. As such, NSA is subject to personal jurisdiction and venue in this Court under 28 USC § 1391.

38. I.C. System is a Minnesota company doing business in the Northern District of Georgia.

39. A substantial part of the events or omissions giving rise to the claim against I.C. System occurred in the Northern District of Georgia because I.C.

System sent a collection letter for the alleged debt to Plaintiff in the Northern District of Georgia.

40. As such, I.C. System is subject to personal jurisdiction and venue in this Court under 28 USC § 1391.

41. Chase is a California company doing business in the Northern District of Georgia.

42. A substantial part of the events or omissions giving rise to the claim against Chase occurred in the Northern District of Georgia because Chase sent a collection letter for the alleged debt to Plaintiff in the Northern District of Georgia.

43. As such, Chase is subject to personal jurisdiction and venue in this Court under 28 USC § 1391.

## IV.  RELEVANT FEDERAL AND STATE STATUTES

### Fair Debt Collection Practices Act

44. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.  15 U.S.C. § 1692.

45. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

46. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

47. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

48. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

## Georgia's Fair Business Practices Act

49. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

50. A violation of the FDCPA also constitutes a violation of the FBPA. <u>1st Nationwide Collection Agency, Inc. v. Werner</u>, 288 Ga.App. 457, 654 S.E.2d 428 (2007). <u>Gilmore v. Account Management, Inc.</u>, 357 Fed.Appx. 218 (11th Cir. 2009).

## V. FACTUAL ALLEGATIONS

51. On December 9, 2012, Plaintiff called Verizon Wireless Service Center in California from Japan to cancel her account.

52. On January 14, 2013, Plaintiff paid the outstanding balance on her canceled account.

53. On January 21, 2014, Plaintiff received a Courtesy Bill that showed the balance of zero dollars.

54. A true and correct copy of the Courtesy Bill is attached hereto as Exhibit 1.

55. At that point, Plaintiff believed that her account with Verizon was canceled.

56. However, Verizon continued to bill Plaintiff after the cancelation of her account as shown in the Bills after January 2013.

57. A true and correct copy of the Bills after January 2013 is attached hereto as Exhibit 2.

58. After January 2013, Plaintiff never used any minutes, data or text on the account as shown in the Bills after January 2013.

59. Sometime between April 21 and May 13, 2013, Plaintiff noticed the outstanding balance.

60. On May 13, 2013, Plaintiff contacted Verizon to resolve the issue.

61. An agent or employee of Verizon apologized for the error, and told Plaintiff that the outstanding balance will be credited on the next bill and there will be no further charges on the account.

62. Plaintiff's online account showed a balance of zero dollars.

63. At that point, Plaintiff believed that the issue was resolved.

64. However, Verizon continued to bill Plaintiff after May 13 as shown in the Bills after January 2013.

65. After May 13, 2013, Plaintiff never used any minutes, data or text on the account as shown in the Bills after January 2013.

66. Sometime before September 4, 2013, Verizon transferred Plaintiff's account to Defendant NSA for collection.

67. On September 4, 2013, Defendant NSA sent a collection letter requesting a payment of $176.90 for the Verizon account (the "NSA Collection Letter").

68. A true and correct copy of the NSA Collection Letter is attached hereto as Exhibit 3.

69. On October 26, 2013, Defendant I.C. System sent a collection letter requesting a payment of $176.90 for the Verizon account (the "I.C. System Collection Letter").

70. A true and correct copy of the I.C. System Collection Letter is attached hereto as Exhibit 4.

71. On February 3, 2014, UCB sent a collection letter requesting a payment of $176.90 for the Verizon account (the "UCB Collection Letter").

72. A true and correct copy of the UCB Collection Letter is attached hereto as Exhibit 5.

73. On September 9, 2014, Plaintiff's attorney sent a letter requesting verification of the alleged debt to Defendant Verizon and UCB (the "Verification Letters").

74. A true and correct copy of the Verification Letters is attached hereto as Exhibit 6.

75. On September 16 2014, Plaintiff's attorney received a letter from UCB stating that "the … account has been cancelled from collections" (the "UCB Cancelation Letter").

76. A true and correct copy of the UCB Cancelation Letter is attached hereto as Exhibit 7.

77. However, on the same day, Defendant Chase sent a collection letter requesting a payment of $176.90 for the Verizon account (the "Chase First Collection Letter").

78. A true and correct copy of the Chase First Collection Letter is attached hereto as Exhibit 8.

79. On October 8 2014, Plaintiff's attorney and Plaintiff received a letter from Defendant Verizon requesting a signature of Ms. Yoshimura for "attorney authorization" (the "First Authorization Letter").

80. A true and correct copy of the First Authorization Letter is attached hereto as Exhibit 9.

81. On December 15 2014, Defendant Chase sent a second collection letter to Ms. Yoshimura (the "Chase Second Collection Letter").

82. A true and correct copy of the Chase Second Collection Letter is attached hereto as Exhibit 10.

83. On December 16 2014, Plaintiff's attorney sent a Second Letter to Defendant Verizon requesting Verizon not to contact Plaintiff directly, but through her attorney, and Verizon to send a satisfaction-in-full letter.

84. A true and correct copy of the Second Letter to Verizon is attached hereto as Exhibit 11.

85. On January 12 2015, Plaintiff received a letter from Defendant Verizon requesting a signature of Ms. Yoshimura for "attorney authorization" (the "Second Authorization Letter").

86. A true and correct copy of the Second Authorization Letter is attached hereto as Exhibit 12.

87. Plaintiff was not indebted to Defendant Verizon or other defendants in any amount after January 14, 2013.

88. Defendant Verizon and other defendants knew or should have known that Plaintiff was not indebted to Defendant Verizon on January 14, 2013 in any amount.

89. Defendant Verizon and other defendants knew or should have known that Plaintiff was not indebted to Defendant Verizon on May 13, 2013 in any amount.

90. Plaintiff was shocked, afraid, terrified and embarrassed when Defendants kept sending bills and collection letters on the canceled account that was fully paid and had not been used.

91. As a result of conducts by Defendants, Plaintiff suffered emotional distress including but not limited to terror, embarrassment, frustration, anger, worry, sleeplessness, loss of appetite, nausea, and inability to concentrate.

### *Respondeat Superior Liability*

92. The acts and omissions of Defendants' employees who acted as agents for Defendants as described herein, were committed within the time and space limits of their agency relationship with their respective principals, Defendants.

93. The acts and omissions by Defendants' employees who acted as agents for Defendants were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendants.

94. By committing these acts and omissions against Plaintiff, Defendants' employees and agents were motivated to benefit their respective principals, Defendants.

95. Defendants are therefore liable to Plaintiff through the doctrine of *respondeat superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their respective employees.

## VI. CAUSES OF ACTION

### Violations of GFBPA by Verizon

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The acts of Defendant Verizon were unfair or deceptive practice conducted

in part or wholly in the state of Georgia.

98. The acts of Defendant Verizon were in violation of the FBPA.

99. The acts of Defendant Verizon in violation of the FBPA were intentional.

100. Pursuant to the FBPA, Defendant Verizon is liable to Plaintiff for an award of three times Plaintiff's actual damages.

101. Pursuant to the FBPA, Defendant Verizon is liable to Plaintiff for exemplary damages.

102. Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation from Defendant Verizon.

**Violations of FDCPA by Defendants NSA, I.C. System, and Chase**

103. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

104. The conduct of Defendants violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), and 1692(f)(1).

105. 15 U.S.C. § 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

106. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive or misleading representation or means in collection with the collection of debt.

107. 15 U.S.C. § 1692e(2) specifically prohibits the false representation of the amount or legal status of any debt.

108. Defendants NSA, I.C. System, and Chase violated 15 U.S.C. §§ 1692e and 1692e(2) by attempting to collect from Plaintiff for an amount Plaintiff did not owe to Defendant Verizon or any other defendants.

109. 15 U.S.C. § 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false."

110. The foregoing acts and omissions of Defendants NSA, I.C. System, and Chase constitute numerous and multiple violations of the FDCPA.

111. As a result of violations of the FDCPA by Defendants NSA, I.C. System, and Chase, Plaintiff is entitled to statutory damages of $1,000.00, actual damages, and reasonable attorney's fees and costs.

**Violations of GFBPA by Defendants NSA, I.C. System, and Chase**

112. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

113. As specified above, the acts of Defendants NSA, I.C. System, and Chase violated the FDCPA.

114. The acts of Defendants NSA, I.C. System, and Chase that were in violation of the FDCPA are also in violation of the FBPA.

115. The acts of Defendants NSA, I.C. System, and Chase in violation of the FBPA were intentional.

116. Pursuant to the FBPA, Defendants NSA, I.C. System, and Chase are liable to Plaintiff for an award of three times Plaintiff's actual damages.

117. Pursuant to the FBPA, Defendants NSA, I.C. System, and Chase are liable to Plaintiff for exemplary damages.

118. Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation from Defendants NSA, I.C. System, and Chase.

## VII. TRIAL BY JURY

119. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff, Ms. Yoshiko Yoshimura, and against Defendants as follows:

- Declaring that Plaintiff has no outstanding liability or obligation to Defendant Verizon or any other defendants;

- Declaring that Defendants NSA, I.C. System, and Chase are liable for violating the federal FDCPA;

- Declaring that Defendants Verizon, NSA, I.C. System, and Chase are liable for violating the Georgia FBPA;

- Declaring that Defendants acted with specific intent to harm Plaintiff;

- Awarding Plaintiff actual damages suffered, which may be proven at trial;

- Awarding Plaintiff statutory damages, as set forth in the FDCPA;

- Awarding Plaintiff treble damages, as set forth in the Georgia FBPA;

- Awarding Plaintiff costs and attorneys' fees in this matter; and

- Awarding such other relief as may be just and proper.

Respectfully submitted,

Dated: February 16, 2015              **DeWOSKIN LAW FIRM, LLC**

By: <u>s/Daniel DeWoskin</u>
Daniel DeWoskin
Attorney for Plaintiff
Georgia Bar No. 220327

24 Lenox Pointe, NE
Atlanta, GA  30324
Telephone:  (404) 987-0026
Facsimile:  (404) 378-0717
E-mail: dan@atlantatrial.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This sixteen day of February, 2015.


By: s/Daniel DeWoskin
Daniel DeWoskin
Attorney for Plaintiff
Georgia Bar No. 220327

24 Lenox Pointe, NE
Atlanta, GA  30324
Telephone:  (404) 987-0026
Facsimile:  (404) 920-3341
E-mail: dan@atlantatrial.com